WALTER L. PECK

v.

GEORGE G. STANDART.

1. LIEN FOR MATERIALS—REQUISITES OF PETITION—FAILURE IN PROOF.
—It is requisite to the creation of a lien for materials furnished in the erec-
tion of a building, that the contract for furnishing such materials should specify
some definite time within which the materials are to be furnished, and a peti-
tion to enforce such a lien should so allege. It is equally necessary that such
time should be proved or admitted on the hearing, and a failure to make such
proof is fatal.

2. VARIANCE.—The contract as alleged, was to · furnish hardware to
Edwin A. Rice, at the usual market price. The proof did not show that all the
hardware was to be furnished at the usual market price, but that on some
articles a discount was to be made; and the proof further showed a contract
with Edwin A. Rice & Co. These variances must be regarded as substantial.

3. WAIVER OF LIEN BY ACCEPTING A NOTE.—It was further objected that
the claim for lien was waived by the acceptance of a note for the balance due,
and that the decree was defective in declaring a lien upon the five houses
*en masse;* but since Rice & Co. were personally liable for the goods, and there
is evidence tending to show that the goods were furnished, not for each house
respectively, but for the whole, as a whole, and that they were under one roof,
the court is not prepared to say that the objections are well taken.

APPEAL from the Circuit Court of Cook county; the Hon.
W. W. FARWELL, Judge, presiding.

Messrs. HUNTER & PAGE for appellant; as to the essential
·requisites of the contract, cited Powell v. Webber, 79 Ill. 134;
Hurd's Stat. 634, § 3.

That the acceptance of a note for the balance due discharged
the lien upon the buildings: Benneson v. Thayer, 23 Ill. 374;
Kinzey v. Thomas, 28 Ill. 502; Croskey v. Corey, 48 Ill. 442.

That the lien should have been decreed against each of the
houses, according to the value of the materials furnished upon
them respectively: Steigleman v. McBride, 17 Ill. 300; James
v. Hambleton, 42 Ill. 308; Culver v. Elwell, 73 Ill. 536.

A mechanics' lien is in derogation of the common law: Car-
ney v. Tully, 74 Ill. 375.

Mr. HENRY W. LEMAN, for appellee; upon the point that the

taking of a note is not a waiver of the lien, cited Van Court v. Bushnell, 21 Ill. 627; Brady v. Anderson, 24 Ill. 112.

Pleasants, J.   We reverse the decree of the Circuit Court in this case for defect of proof in some particulars, and its variance from the allegations in others.

Appellee filed his petition to enforce an alleged lien for the balance due on account of hardware furnished by him towards the construction of five houses in the city of Chicago, against Edwin A. Rice as owner, and appellant and others as subsequent purchasers or encumbrancers of the premises.   It alleged that on the 12th day of August, 1875, or thereabouts, the said Rice, then erecting or about to commence the erection of said houses on lots described, of which he was the owner, contracted with petitioner for the sale and delivery to him of hardware to be used in and about the same; that no particular amount was contracted for, nor was the kind or quality specifically named or the time or times of delivery definitely fixed, but it was understood and agreed between them that petitioner should furnish and deliver to said Rice such quantities of hardware and other materials, and of the kind and quality as he might have for sale, and said Rice might need in and about the construction of said buildings, and should order from time to time during the process of their erection, which was to be completed on or before the thirtieth day of October, 1875, and that the whole amount was to be furnished within that time, at the usual and market prices, and to be paid for in thirty days after delivery.

Rice was served by publication, and with one of the other defendants, defaulted; the petition was dismissed as to a third, and appellant answered, denying the contract and most of the other matters alleged.

In relation to the terms of the contract the only witness was the petitioner himself, who testified that he sold and delivered to said Rice the hardware specified in the several bills attached as exhibits to the petition, at the times and prices therein stated, for the houses described, and that it all went into them.   Being asked " if the prices charged in these bills were the reasonable market prices of the different articles at that time," he

answered "Yes, sir—well, under our contract." The question was then put: "What contract did you have with him?" to which his answer was: "I was to send a certain line of goods at a certain line of discount, and nails at wholesale market prices." And this answer embraces all the evidence appearing in the record respecting the terms of the contract.

So it does not appear that the time for completing the furnishing of the goods was not to be beyond three years from the commencement thereof, nor that the time of payment was not to be beyond one year from that of such completion. There was no evidence tending to show when or within what time the erection of the buildings was to be or was in fact, if ever, completed; or that the hardware was to be furnished by the thirtieth day of October, 1875, or any other time certain.

The petition sets out a contract, which though not definite as to some, was yet clearly expressive as to all, of its particulars—not one was left to implication; and it is requisite to the creation of a lien by such a contract that it fix a definite time, not necessarily at which, but certainly within which, the materials are to be furnished: Powell v. Webber, 79 Ill. 135; Fish v. Stubbings, 65 Id. 492; Cook v. Vreeland, 21 Id. 431. The one in question here, according to the allegation, did fix such a time. It was therefore equally necessary that it should be so proved unless admitted. The petition being taken *pro confesso* against Rice, might perhaps have sufficed without any proof upon this point as to him. But appellant had an interest and a right to contest the validity of the appellee's claim to a lien, and is not affected by the default of Rice. He denied the contract as alleged, and as against him it must be proved. It was not so proved, and the defect is fatal.

Furthermore, it did appear that not all of the hardware contracted for was to be furnished at the usual and market price, according to the contract as alleged, although how much was not and at what discount is not shown. And also by the testimony of petitioner on his being recalled, and of others, that the arrangement was not made with, or the goods furnished to, Edwin A. Rice, as alleged, but Edwin A. Rice & Co., that is, said Rice and Thomas Pickering, who were partners and erect-

ing said houses on joint account. Accordingly, after the testimony was all in, the counsel for petitioner asked leave to amend the petition so as to charge the goods to said Edwin A. Rice & Co., instead of Edwin A. Rice, which was granted. But it does not appear that the amendment was actually made, and the decree finds, in the face of the fact so proved and admitted, that the contract was made between Edwin A. Rice of the one part, and the appellee of the other. These variances we regard as substantial.

It was further objected against the decree that the lien was waived by the acceptance by appellee of the note of Edwin A. Rice & Co. for the balance claimed to be due, which was fully proved, and also that the lien was declared against the five houses *en masse;* but since E. A. Rice & Co. were personally liable for the goods, and there is evidence tending to show that the goods were furnished, not for the several houses respectively, but for the whole, as a whole, and that they were under one roof, we are not prepared to say that these objections were well taken.

For the defects and variances above indicated, however, the decree is reversed and the cause remanded.